## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HENRY DERRY<br>1610 Parker Street<br>Bronx, NY 10462 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | |
| v. | : <br> : | No. _____ |
| BROWN BROTHERS HARRIMAN & CO.<br>525 Washington Blvd.<br>Jersey City, NJ 07310 | : <br> : <br> : <br> : | JURY TRIAL DEMANDED |
| Defendant. | : <br> : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I.       INTRODUCTION

1.  This action has been initiated by Henry Derry (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Family and Medical Leave Act (FMLA) and of the New Jersey Law against Discrimination (NJ LAD).  Plaintiff was unlawfully terminated and retaliated against for taking medical leave and was unlawfully discriminated against for having a disability and/or perceived disability.  As result of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### II.       JURISDICTION AND VENUE

2.  This Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights – the Family and Medical Leave Act.

3.   This Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

4.   This Court has personal jurisdiction over Defendant because Defendant, by systematically soliciting business in New Jersey (and residing therein), has sufficient minimum contacts with this judicial district that the exercise of such jurisdiction comports with judicial notions of fair play and substantial justice, satisfying the standards set forth in *International Shoe Company v. Washington*, 326 U.S. 309 (1945), and its progeny.

5.   Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendant conducts substantial, systematic and continuous activity in New Jersey and is subject to personal jurisdiction in New Jersey.

### III.   PARTIES

6.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.   Plaintiff is an adult individual with an address as set forth above.

8.   Brown Brother Harriman & Co.'s (hereinafter referred to as "Defendant," unless specified otherwise) conducts business operations at the address as set forth above.  Defendant is one of the largest private banks in the United States.

9.   At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV.   FACTUAL BACKGROUND

10.   The foregoing paragraphs are fully incorporated herein as though set forth at length.

11.   Plaintiff worked for Defendant since in or about September of 2004, and during his last two years of employment with Defendant at its New Jersey location, he had been employed as a mail-room supervisor.

12.   In or about November of 2005, Plaintiff suffered from a heart attack while working for Defendant.

13.   In or about November 30, 2005, Plaintiff took a medical leave of absence from Defendant as a result of said heart attack.

14.   In or about August 21, 2006, Plaintiff saw his physician and was cleared to work again.

15.   Plaintiff was assured during his medical leave that his position was never filled.

16.   Plaintiff promptly called Defendant's human resources department after being cleared to return to work on August 21, 2006 and was told that his position might not be available any longer.

17.   Plaintiff also promptly called his direct supervisor after being cleared to return to work on August 21, 2006.

18.   Plaintiff's supervisor seemed happy to hear that Plaintiff was in good health and asked when Plaintiff was going to resume his position.

19.   After Plaintiff informed his supervisor that human resources said his position might not be available any longer, Plaintiff supervisor would no longer answer any questions and said that he would have to only communicate with human resources.

20.     After being told by human resources that his position might not be available, Plaintiff spoke with other employees within Defendant's mailroom.

21.     Employees within Defendant's mailroom were not aware that Plaintiff's position was unavailable, and in fact, specifically informed Plaintiff that his position had not been filled.

22.     At all times relevant herein, Plaintiff was able to return to his job and perform his job while it was available.

23.     Having no income, Plaintiff inquired about any available positions within Defendant.

24.     After some time, Plaintiff was permitted to work at Defendant's location in New York earning approximately $20,000.00 less per year in an inferior position.

25.     More than three (3) weeks after Plaintiff attempted to resume his available position in New Jersey, Plaintiff learned that one of his direct reports was being promoted to fill his position in New Jersey as the mail-room supervisor.

26.     Upon information and belief, Defendant did not make any effort to fill Plaintiff's position until Plaintiff contacted Defendant to resume his job.

## First Cause of Action
## Violation of the Family and Medical Leave Act (Retaliation)

27.     The foregoing paragraphs are fully incorporated herein as though set forth at length.

28.     Plaintiff was an eligible employee under the Family and Medical Leave Act (FMLA).

29.     Plaintiff exercised his rights under the FMLA beginning in November of 2005.

4

30.     Upon information and belief, Plaintiff was not placed in the position he held prior to his medical leave of absence because of his need for said medical leave and for exercising his rights under the FMLA.

## Second Cause of Action
## Violation of the New Jersey Law Against Discrimination
### (Regarded as/Perceived as Disability/Handicap Claim)

31.     The foregoing paragraphs are fully incorporated herein as though set forth at length.

32.     Upon information and belief, Defendant perceived Plaintiff as handicapped and/or disabled.

33.     Upon information and belief, Defendant perceived Plaintiff as being incapable of performing tasks/duties (required by his employment) that he was in fact capable of performing.

34.     Upon information and belief, Defendant terminated Plaintiff refused to permit Plaintiff to resume his job as a mail room supervisor and unlawfully demoted him  because of its own unfounded perceptions of Plaintiff being unable to perform his job because of a perceived disability/handicap.

35.     Defendant's actions as aforesaid, violated the New Jersey Law against Discrimination.

## Third Cause of Action
## Violation of the New Jersey Law Against Discrimination
### (Disability/Handicap Discrimination/Failure to Accommodate)

36.     The foregoing paragraphs are fully incorporated herein as though set forth at length.

37.     At all times relevant herein, Plaintiff was subjected to disparate treatment because of his disability and was ultimately terminated because of his disability.

38.    At all times relevant herein, Defendant failed to accommodate Plaintiff's actual and/or perceived disabilities and failed to engage in a good-faith interactive process with Plaintiff.

39.    Defendant's actions as aforesaid violated the New Jersey Law against Discrimination.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff or any other present employees on any basis forbidden by the FMLA and the New Jersey Law Against Discrimination, and other applicable federal and state law;

B.    Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation;

C.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

D.    Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions, as permitted by applicable law;

E.    Plaintiff is to be awarded punitive damages under the New Jersey Law against Discrimination and liquidated damages under the Family and Medical Leave Act to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

F.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

G.    Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

KARPF, KARPF, & VIRANT

By: _____

Ari R. Karpf, Esquire
Attorney for Plaintiff
Neshaminy Plaza
3070 Bristol Pike
Building 1, Suite 102
Bensalem, PA 19020
(215) 639-0801

Dated: September 18, 2006